IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ILKHOM MURADOV, | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-26-CV-213-KC |
| KRISTI NOEM et al., | § § § | |
| Respondents. | § § | |

## ORDER

On this day, the Court considered Ilkhom Muradov's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1.  Muradov is detained at the ERO El Paso Camp East Montana detention center in El Paso, Texas.  *Id.* ¶ 1.  Muradov is held in immigration detention at the ERO El Paso Camp East Montana Detention Facility in El Paso, Texas.  Pet. ¶¶ 1, 21.  He argues that his detention is unlawful and asks the Court to order his release or a bond hearing.  *Id.* ¶¶ 23–43.

Muradov was paroled into United States on July 3, 2023, pursuant to the Ukrainian Humanitarian Parole program.  *Id.* ¶ 18.  He has continuously resided in the country since then and has "complied with all conditions of parole."  *Id.* ¶ 19.  On October 18, 2025, Muradov was arrested by immigration authorities and detained "[d]espite presenting valid parole documentation and proof of his pending asylum application."  *Id.* ¶ 20.  In its Show Cause Order, ECF No. 4, the Court noted that, "[a]s alleged, [Muradov's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025)."  Show Cause Order 1.  The Court thus asked Respondents to

engage with its prior decisions and "explain whether the facts of Muradov's case warrant a different outcome." *Id.* at 2.

Respondents argue there is a material difference between *Lopez-Arevelo* and this case. Resp. 3.  Namely, that Muradov "is an arriving alien who presented himself to a port of entry as an applicant for admission and was seeking admission." *Id.*  They argue that because "[h]umanitarian parole under § 1182(d)(5) 'shall not be regarded as an admission,' [] when [Muradov's parole] expired in July 2025, he was required to 'forthwith return to the custody from which he was paroled.'" *Id.* at 5.  Thus, "[Muradov] returned to being an arriving alien, seeking admission into the United States at the port of entry." *Id.*  As for Muradov's right to procedural due process, Respondents argue that "he is only entitled to those rights Congress has provided by statute." *Id.* at 7 (citing *DHS v. Thuraissigiam*, 591 U.S. 103, 107, 140 (2020)).

However, as explained at length in *Lopez-Arevelo*, a person may obtain a liberty interest through their presence in the country, particularly where that presence is with the express permission of the Government.  *Lopez-Arevelo*, 2025 WL 2691828, at *10–11.  And even assuming that Respondents' contention that Muradov is an "arriving alien" is correct as a matter of statutory construction, Muradov's constitutional interest in his liberty exists above and apart from the Immigration and Nationality Act and attendant regulations.  *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025).  Here, Muradov was paroled and released into the country, where he has been living at liberty with his family for over two years.  Regardless of whether Muradov's parole has expired or been terminated, Respondents may not revoke that liberty without an individualized determination of the need to do so.  *See Lopez Arevelo*, 2025 WL 2691828, at *7–11.

As for the rest of Respondents' arguments, the Court has already rejected them. *Compare* Resp. 3–8, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Muradov's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before February 13, 2026**, Respondents shall either: (1) provide Muradov with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Muradov's continued detention; or (2) release Muradov from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before February 13, 2026**, Respondents shall **FILE** notice informing the Court whether Muradov has been released from custody. If Muradov has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the February 13, 2026, deadlines**.

---

[1] The relevant facts are undisputed, *see* Resp. 4, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

3

**SO ORDERED**.

**SIGNED** this 6th day of February, 2026.

                                                _____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE